Good morning, Your Honors. May it please the Court, Kenneth H. Luis on behalf of Carlos Luis, the petitioner in the matter. I'll try to reserve two minutes. I'll do my best to do that. Your Honors, in this case, the problem is that when the second degree murder instruction was conflated with the involuntary instruction, it lessened the State's burden of proof that everything be proven beyond a reasonable doubt because the elements of the crime were not properly presented. Well, just a minute. Let's go back. It's my understanding that you did not object and have not objected to the instructions on the first degree murder or the second degree murder. Well, I think it's the second degree murder, Your Honor, that had the... Well, the second degree murder, what you're suggesting is... We're talking about the second degree murder of the fetus. It's my understanding that your objection in that is that if there is a problem, it's in the fact they could have convicted of a lesser included, right? Correct, Your Honor. So, but as to the first degree murder instructions and the second degree murder instructions, without regard to whether there was a mistake in the lesser included offenses, you did not object, as I understand it. The Court's referring to the second degree murder of the fetus. And as to the first degree murder. There was no objection to those instructions. That's correct, Your Honor. And if there's no objection to those instructions, then I guess what I'm worried about is this. It seems to me that if you... A failure to properly instruct the jury on the state law would not be a federal habeas violation, correct? Well, we... Now, just a minute. Answer my question. Is the failure to properly instruct the jury under state law a federal habeas violation? It can rise to... It can, and that's where we're going next. In other words, in order to rise to it, it's got to be so erroneous in the context of the jury instructions as a whole, and there must be no reasonable likelihood that the jury applied the erroneous instruction in a way that violated the Constitution, right? That's correct, Your Honor. So, said another way, the government must have relieved, or the heir must have relieved the government of its burden of proving each of the elements of the crime beyond a reasonable doubt. That's correct, Your Honor. So, what we're really talking about here now is, did the instructions that you've not objected to, so, were they so erroneous in the context as a whole that there was no reasonable likelihood that the jury could have applied them wrongly... rightly? And I'm having a tough time with that because they didn't even get to the instructions you object to. They convicted them of first-degree murder and second-degree murder of the fetus. So, at that point, failure to object to those, and having been convicted of that, I'm having a tough time understanding how that meets the federal habeas standard. It might have been a problem for state law. I understand that because Idaho has lesser-included instructions too, and the way we give them has to be a certain way. But I don't see how it meets the standard as to a federal habeas problem. Well, Your Honor, I might re-quote the case of Doe v. Busby, where the court says, while we presume jurors follow the instructions they are given, we cannot equally assume they can sort out legal contradictions. Well, but just a minute. If you're not objecting to the instructions for which the person was convicted, and then I have to find the high standard about erroneous in the context of the case, how do you meet the habeas standard with the lesser convicted? Well, Your Honor, a lot of the cases talk about infecting the jury, the case, the trial, that it's infected to the point where you don't know that you have a fair or correct outcome. We think it infects it because when this is presented to the jury, they are presented these erroneous instructions. Well, but just a minute. They're only infected as to things the jury did not convict of. I mean, that's the problem that I see with your habeas violation allegation. They are not convicted of any of the crimes for which you feel the instructions were not correct. They were convicted of those you do not challenge. And now, applying the federal, if you will, erroneous instruction, which is a high level of instruction, I can't see how you get there. Well, first of all, obviously, we agree that it's a high standard. The problem is the trial court, for instance, assumes that even if the instruction was given correctly, that wouldn't matter, which I think is what the court is trying to say. What I'm saying is Supreme Court has yet to determine whether the jury should be allowed to consider the lesser included offenses before being convicted of the more serious offenses. They haven't determined that. I mean, in Idaho, we've got a law that says certain things, but the Supreme Court's never said that. And so now, here we are. In fact, they said we expressly reserve judgment on whether due process requires that. And so now, you're saying they don't say whether you've got to have the lesser included first. They don't say anything about what the lesser included necessarily needs to say. That's all state law. The instructions for which they were convicted were approved. You didn't object. How do I get to a habeas problem? When the trial court is instructing the jury, and they're instructing them incorrectly, and when they conflate these instructions together, and the jury is hearing it, they're not in the jury room going through count one, the murder charge. They're hearing something that is totally conflated and not clear. Once you do that, you're infecting the jury, because they're... Your argument? That's our argument. Well, let me go on. It's my understanding California found no error in these instructions. That's correct. Well... That's what the California court suggested, right? It suggested it, Your Honor. It didn't say there wasn't an error. Has there been a Supreme Court case that says California was wrong about that? Well, I think... Is there one? I don't know, Your Honor. No, there is not. There's nothing the Supreme Court has said that California made an error in their instructions. Even if error, the California court said this was harmless. That's correct, Your Honor. What Supreme Court case said that this harmless determination was unreasonable? I don't have a Supreme Court case that says it, Your Honor. Right. So here we are. I've gone all the way through the questions that I wanted you to get to. I can't find the habeas. Well, again, Your Honor, what our position is, is that what's happened is that the trial court says, well, even if it's a correct instruction, the jury would have assumed and understood that when they were told or not told on the omission of a crime, omission of an act resulting in murder, they would assume that it didn't require conscious disregard of the truth. That's an assumption the court makes. It's a factual error. It's wrong. You can't assume the jury's going to understand that, Your Honor. California said there's no error. And California said even if it's error, it's harmless. It has to be a reasonable interpretation of the facts and the law, Your Honor. That's what we don't think is reasonable. We think the trial court, the appellate court in this case, the appellate court made an assumption it didn't have the right to make, that when they went ahead and made that assumption, Your Honor, they're simply wrong. It's not correct to assume that. You cannot assume the jury's going to get these things correct. And we think the jury didn't get it correct because the trial court found enough evidence of involuntary manslaughter to give the instruction. And we argue that it's really an involuntary manslaughter case, but at least there's sufficient evidence of that. And so when the court makes these assumptions of fact, that the jury's going to understand these confusions and understand all of these things and straighten it all out in its mind, we don't think that's correct at all. And that's really what I think our argument is. Do you want to save the balance of your time for rebuttal? Why don't I do that, Your Honor? Thank you. Good morning, Your Honor. It's Deputy Attorney General Mary Sanchez on behalf of the warden. I am in agreement with Judge Smith's comments, your comments and your questions. And I agree that this claim is not cognizable on habeas corpus. It does not rise to the level of a due process violation, especially when you consider the entirety of the charge. And as you had pointed out, there was no objection to the first degree murder charge. The jurors were instructed very carefully on how they were to consider the charges. And one of the things I just wanted to reiterate, you may consider these different kinds of homicide in whatever order you wish. But I, the trial court, can accept a verdict of guilty or not guilty of second degree only if all of you have found the defendant not guilty of first degree murder. As to Bertha Louise, that did not happen. The juror never got beyond that first degree murder conviction. It found all of the elements were satisfied. It never reached that second degree murder instruction, which, as the district court commented, was not a model of clarity. The court, I'm sorry, the jurors never reached that. They did reach it, however, as to the fetus. As to the fetus, they looked at the first degree murder instruction. They found the elements not met. They then went to the second degree murder instructions, found the elements met, and there they stopped. So this is a jury that was very intelligent, very carefully parsing the instructions, and they applied them without error. And because there's no error, this does not rise to the level of a due process violation, and there is no habeas corpus relief on this claim. The district court was correct, and I would ask this court to affirm the district court's denial of the petition. I have no questions. Counsel, thank you. Thank you. Butler? Yes, Your Honor. Thank you. Well, again, Your Honors, very briefly, our position is that the conflating of those instructions created the problem. That the assumption that the jury handled it correctly, that they were nice and order, went through the first degree, and then didn't look at the second degree. The problem is the way those instructions came out is second degree was conflated with involuntary manslaughter in such a way you couldn't really do involuntary manslaughter without doing a second degree murder charge. And the problem is that when those two are conflated together, you create all kinds of problems to that jury. And that the assumption that they did it nicely and in order is an evidence of that. We don't know how the jury reacted, how they approached these. Jurors don't always follow those particular instructions, and we don't know how they approached it. And when they had those two things conflated together, and when they were misinformed of the elements of one of the lesser included, that created a problem of constitutional dimension. All right, thank you, Counsel. Thank you. Thank you to both counsel. The case just argued is submitted for decision by the court.
judges: Rawlinson, N.R. Smith, Korman